# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1359

_____

| | | |
|---|---|---|
| United States, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Drew Brockevelt, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: December 28, 2007
Filed: January 10, 2008 (Corrected: 01/11/2008)

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Drew Brockevelt challenges the reasonableness of the 27-month prison sentence the district court imposed after he pleaded guilty to charges of (1) possessing materials, shipped or transported in interstate commerce, which contained visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B); and (2) criminal forfeiture of a computer and other property involved in the commission of the offense, pursuant to 18 U.S.C. § 2253. For reversal, Brockevelt argues the district court improperly applied a presumption of reasonableness to his advisory Guidelines imprisonment range, contrary to the principles in <u>United States v. Booker</u>, 543 U.S. 220 (2005), as further explained in

<u>Rita v. United States</u>, 127 S. Ct. 2456, 2465 (2007), which was issued after Brockevelt's sentencing hearing.

Because it is unclear from the record whether or not the district court applied a presumption of reasonableness to Brockevelt's correctly calculated advisory Guidelines imprisonment range, we vacate the sentence and remand for resentencing in light of <u>Rita</u>, 127 S. Ct. at 2465 (presumption of reasonableness accorded to sentences reflecting proper applications of Guidelines applies only on appellate review, not at sentencing). <u>See</u> <u>United States v. Burns</u>, 500 F.3d 756, 761 n.1 (8th Cir. 2007) (en banc) (following <u>Rita</u>, presumption of reasonableness exists only at appellate level), <u>petition for cert. filed</u>, (U.S. Nov. 20, 2007) (No. 07-7805).

Brockevelt's sentence is vacated, and the case is remanded for resentencing in accordance with this opinion.

_____